**Tricia Wang (CA Bar No: 178473)**
LAW OFFICE OF TRICIA WANG
39159 Paseo Padre Parkway, Suite 205
Fremont, CA 94538
Telephone: (510) 791-0232
Fax: (510) 791-5609

Attorney for Petitioner:   Chen, Xiling

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE, CALIFORNIA

| | |
|---|---|
| Xiling CHEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. C 07-4698 PVT |
| vs. ) | |
| ) | |
| Alberto Gonzales, Attorney General of the ) | PETITIONER'S NOTICE OF |
| United States; Michael Chertoff, Secretary of the ) | MOTION AND MOTION FOR |
| Department of Homeland Security; Emilio Gonzalez ) | SUMMARY JUDGMENT |
| Director of United States Citizenship & Immigration ) | |
| Services; Robert Meuller, Director of the Federal ) | Date:  Feb. 26, 2008 |
| Bureau of Investigations; Gerard Heinauer, ) | Time:  10:00 am |
| Director of the Nebraska Service Center ) | |
| ) | |
| Defendants ) | |

1

1     TO RESPONDENTS AND THEIR ATTORNEY OF RECORD:

3     Notice is hereby given that on February 26, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, the above-referenced Plaintiff will and hereby do move the Court for summary judgment on the ground that there is no genuine issue of material fact in dispute and that the moving party is entitled to a judgment as a matter of law.

    This motion is based upon this Notice of Motion and Motion, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  January 22, 2008            ____/s/_____

                                               Tricia Wang

## I. INTRODUCTION

Petitioner filed a petition for writ of mandamus and complaint under the Administrative Procedures Act ("APA") because Respondents have failed to adjudicate her application for permanent residency in a "reasonable time." 5 U.S.C. § 555(b). Petitioner's husband Zhenru Ding has an I-140 Immigration Petition filed on his behalf and the petition was approved with a priority date of December 21, 2001. Petitioner applied for permanent residency as a derivative applicant on April 19, 2004. The application has now been pending for **over three years and nine months**.

Summary judgment should be granted because there is no dispute as to the length of time that Petitioner's application has been pending, and because Respondents owe a statutory and regulatory duty to adjudicate Petitioner's application. Patel v. Reno, 134 F.3d 929, 931 (9 Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986). As such, Petitioner's application must be adjudicated within a "reasonable time." 5 U.S.C. § 555(b). Period of three years and nine months is <u>far</u> beyond any "reasonable time" period. As such, Petitioner requests that the Court grant her Motion for Summary Judgment and order that Respondents adjudicate her application for permanent residency within ten (10) days of the Court's order.

## II. STATEMENT OF UNDISPUTED FACTS

Petitioner and her husband Zhenru Ding are both native and citizen of the People's Republic of China. Zhenru Ding is a software engineer and his employer started the green card application for him on December 21, 2001. Zhenru Ding applied for adjustment of status on April 19, 2004. His application was approved and he became a permanent resident on January 19, 2005. Petition Xiling Chen applied for adjustment of status as a derivative applicant together with her husband and on the same day, however her application is still pending, now three years after her husband became a permanent resident of the United States.

Since the petitioner's filing of her adjustment of status application on April 19, 2004, USCIS has not provided her with any information regarding the status of her application, except to say that they are awaiting FBI name checks. The petitioner has

to apply for H1B extension or employment authorization and Advance Parole documents from the USCIS year after year in order to be legally employed and travel abroad. Petitioner's application for adjustment of status could have been approved on or about the same time as her husband's application, if not for the delay on her name check. Since the approval of her husband's application in January 2005 and up to now, Petitioner has to file for her H1B extension THREE times, one in October 2005, one in February 2007 and the last one in December 2007, because her current H1B is expiring on March 1, 2008. Copies of the approval notices were submitted with the original complaint. Copy of the receipt notice for the most recent filing is attached as Exhibit 1. All these have placed a tremendous burden both emotionally and financially to the Petitioner's life.

On September 12, 2007, after waiting more than three years for a decision from the USCIS, Petitioner filed this action seeking an order directing USCIS to adjudicate her application for permanent residency.

### III. ARGUMENT

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

Petitioner moves that this Court grant summary judgment in her favor because Respondents have a statutory duty to adjudicate her pending application for adjustment of status, and they have failed to act on that duty in a reasonable time.

A. MANDAMUS IS APPROPRIATE BECAUSE RESPONDENTS HAVE A NON-DISCRETIONARY DUTY TO ACT

The Mandamus Act provides that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee

of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Mandamus is a remedy available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th Cir. 1997); <u>Azurin v. Von Raab</u>, 803 F.2d 993, 995 (9th Cir.1986). Petitioner meets the above test as her claim is clear and certain, Respondents have a duty to adjudicate her application for permanent residency; and no other adequate remedy is available.

The adjudication process for adjustment of status applications is codified at 8 C.F.R. § 245 *et seq.* and these regulations create a mandatory, non-discretionary duty to adjudicate such applications. Specifically, Section 245.2 of the Code of Federal Regulations provides that "[t]he applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial" (emphasis added). "By using the phrase of legal art 'shall,' Congress order the executive branch to make decisions on these applications." *Razaq v. Poulos*, NO. C 26-2461 (N.D.Ca. 2007).

The statutory and regulatory texts create a non-discretionary duty to adjudicate the Petitioner's adjustment of status application. The Supreme Court made clear that the use of the term "shall" constitutes a mandatory duty upon the subject of the command. <u>Forest Guardians v. Babbitt</u>, 164 F.3d 1261, 1268 -1269 (10th Cir. 1998) citing <u>United States v. Monsanto</u>, 491 U.S. 600, 607, 109 S.Ct. 2657 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied"); <u>Pierce v. Underwood</u>, 487 U.S. 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"). See also <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997) (agency has a duty to act on pending visa petition based on the requirements of the Immigration and Nationality Act and its implementing regulations); <u>Aboushaban v. Mueller</u> __ F. Supp. 2d. — 2006 WL 3041086, 1-2 (N.D.Cal. Oct. 24, 2006) (agency had a duty to adjudicate application for adjustment of status); <u>Yu v. Brown</u>, 36 F.Supp.2d

of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Mandamus is a remedy available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th Cir. 1997); <u>Azurin v. Von Raab</u>, 803 F.2d 993, 995 (9th Cir.1986). Petitioner meets the above test as her claim is clear and certain, Respondents have a duty to adjudicate her application for permanent residency; and no other adequate remedy is available.

The adjudication process for adjustment of status applications is codified at 8 C.F.R. § 245 *et seq.* and these regulations create a mandatory, non-discretionary duty to adjudicate such applications. Specifically, Section 245.2 of the Code of Federal Regulations provides that "[t]he applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial" (emphasis added). "By using the phrase of legal art 'shall,' Congress order the executive branch to make decisions on these applications." *Razaq v. Poulos*, NO. C 26-2461 (N.D.Ca. 2007).

The statutory and regulatory texts create a non-discretionary duty to adjudicate the Petitioner's adjustment of status application. The Supreme Court made clear that the use of the term "shall" constitutes a mandatory duty upon the subject of the command. <u>Forest Guardians v. Babbitt</u>, 164 F.3d 1261, 1268 -1269 (10th Cir. 1998) citing <u>United States v. Monsanto</u>, 491 U.S. 600, 607, 109 S.Ct. 2657 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied"); <u>Pierce v. Underwood</u>, 487 U.S. 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"). See also <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997) (agency has a duty to act on pending visa petition based on the requirements of the Immigration and Nationality Act and its implementing regulations); <u>Aboushaban v. Mueller</u> __ F. Supp. 2d. — 2006 WL 3041086, 1-2 (N.D.Cal. Oct. 24, 2006) (agency had a duty to adjudicate application for adjustment of status); <u>Yu v. Brown</u>, 36 F.Supp.2d

922, 931-32 (D.N.M. 1999) (holding that the INS owed plaintiff a duty to process her application for a change of her status to permanent resident).

B.  PETITIONER'S APPLICATION HAS BEEN DELAYED FOR AN UNREASONABLE AMOUNT OF TIME

The Administrative Procedure Act provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it…" 5 U.S.C. §555(b). In addition, the Administrative Procedures Act ("APA") further provides that the federal courts "shall compel agency action unlawfully withheld or unreasonably delayed…" 5 U.S.C. § 706(1). As the Tenth Circuit pointed out, the APA prohibits both agency action unlawfully withheld and agency action unreasonably delayed. Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir.1998). Thus, the APA gives rise to a legally enforceable right to the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." Id.; Deering Milliken. Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir.l961). Although the Immigration and Nationality Act provides no discrete time period in which the agency must act, courts have concluded that the APA imposes a "reasonable time" constraint in such cases. See e.g. Yu v. Brown, 36 F.Supp.2d 922, 928-32 (D.N.M.l999), (applying the APA's reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 39 1-92 (S.D.N.Y.2004)(same).

Petitioner's adjustment of status application has been pending for over three years and nine months. The delay Petitioner has experienced is entirely unreasonable. *See Galvez v. Howerton,* 503 F.Supp. 35 at 39 (C.D.Cal.1980) (delay of six months unreasonable); *Paunescu v. INS,* 76 F.Supp.2d 896 at 901 and 902 (N.D.Ill.1999) (ordering defendants to process plaintiffs' applications; noting that application had

been pending for two years, that plaintiff were "the victims of a bureaucratic nightmare," and that the delay was largely attributable to the government's "misfeasance"); *Jefrey v. INS,* 710 F.Supp. 486 (S.D.N.Y.1989) (delay of 16 months unreasonable); *Dabone,* 734 F.Supp. at 202 (delay of 20 months unreasonable); *Yu,* 36 F.Supp.2d at 932 (delay of two and a half years a prima facie case unreasonableness). *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441, at *2 (N.D. Ill. May 18, 1998) (finding dismissal inappropriate because a 20-month delay could be found to be unreasonable and holding as a matter of law that plaintiff "is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication"). *Song v. Klapakas*, No.06-05589 (E.D. Penn. April 12, 2007) (finding dismissal improper and a 23-month delay unreasonable). *Razik*, 2003 U.S. Dist. LEXIS 13818, at *5-8 (denying respondents' motion to dismiss the petitioner's case; noting that applications had languished for two years and yet the INS has done nothing"). *Cf. Galvez v. Howerton*, 503 F. Supp. 35, 39-40 (C.D. Cal. 1980) (finding that the INS engaged in affirmative misconduct in processing petitions for adjustment of status and that therefore defendants were estopped from denying the plaintiffs permanent resident status; noting that one example of affirmative misconduct was a six-month delay by defendants in processing). *Singh v. Still*, No. C 06-2458 (N.D. Ca. Jan. 8, 2006) (finding a near four year delay unreasonable and ordering processing of application "forthwith"). *Elkhatib v. Bulter*, No. 04-22407 (S.D. Fl. Jun 6, 2005) (finding a four year delay unreasonable).  Petitioner also notes that the CSC's posted processing time for an I-485 is approximately six months.  In fact, Petitioner's husband Zhenru Ding, the principal applicant, applied for adjustment of status on April 19, 2004.  His application was approved and he became a

permanent resident on January 19, 2005.  On the other hand, the Petitioner's application, which was submitted with her husband's application on the same day, still remains pending.

Respondents' failure to adjudicate Petitioner's application for permanent residency has resulted in Petitioner remaining for years in the United States in limbo status. The failure to adjudicate the application also continues to delay Petitioner's ability to become United States Citizen.

## IV.    CONCLUSION

Respondents owe a duty to adjudicate Petitioner's application for permanent residency and to do so within a reasonable period of time. Respondents have clearly violated this duty. As Petitioner's application has been pending long beyond a reasonable period of time, the Court should conclude that summary judgment in favor of Petitioner is warranted and order that Respondents adjudicate her application within 10 days of this Court's order granting her motion for summary judgment.  An immigrant visa number was previously continuously available and <u>is currently still available</u> for Petitioner's priority date of December 21, 2001 and employment classification (EB-2 Mainland China).  Given the present extraordinary circumstances, should an immigrant visa number ever becomes unavailable to Petitioner in the future due to visa retrogression, Petitioner requests that the Court order Defendants to complete adjudication of her I-485 application within 30 days of an immigrant visa number becoming available to her and retains jurisdiction over this matter until Defendants have concluded adjudication.

In addition, Petitioner prays that the Court grant such other relief that may be just and appropriate, including costs, expenses, and reasonable attorney's fees pursuant to Equal Access to Justice Act, 28 U.S.C. §2412 (1991).

```
```

1  Dated: January 22, 2008

Respectfully submitted,

_____/s/_____
Tricia Wang
Attorney for the Petitioner

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28