1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   ILA C. DEISS, NY SBN 3052909
4  Assistant United States Attorney

5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6  Telephone: (415) 436-7124
   FAX: (415) 436-7169
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

| | |
|---|---|
| XILING CHEN,<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL MUKASEY, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALES, Director of United States Citizenship & Immigration Services; ROBERT MUELLER, Director of the Federal Bureau of Investigations; GERARD HEINAUER, Director of the Nebraska Service Center,<br><br>          Defendants. | No. C 07-4698 PVT<br><br>DEFENDANTS' CROSS-OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

21   Plaintiff Xiling Chen asks this Court to issue a writ of mandamus, compelling the Defendants
22 to make a determination on her application for adjustment of status.
23   Defendants Mukasey and Mueller should be dismissed as improper defendants. *See Wang v.*
24 *Gonzalez*, 2007 WL 4463009, *3 (N.D.Cal. Dec. 17, 2007) (stayed).
25   Plaintiff argues that although the government may use unlimited discretion when granting or
26 denying an application, there is nothing discretionary about the government's duty to adjudicate an
27 adjustment of status application within a reasonable time frame.
28   There is no Ninth Circuit authority addressing this issue. However, this Court recently

Defendants' Cross-Opposition to Motion for Summary Judgment
C07-4698 PVT                                    1

1 addressed the TRAC factors in *Wang Yi Chao v. Gonzales*, 2007 WL 3022548 (N.D. Cal. Oct. 15, 2007) and articulated a standard in agreement with the holdings of other courts within the district that a delay of two years is presumptively unreasonable as a matter of law. *See, e.g., Dong v. Chertoff*, 2007 WL 2601107 (N.D.Cal. Sept.6, 2007) (holding delay of close to two years unreasonable as a matter of law); *Clayton v. Chertoff*, 2007 WL 2904049 at *6 (N.D.Cal. Oct.1, 2007) (recognizing that courts within the district have adopted two years as an unreasonable amount of time and that under two years is not unreasonable.)

Plaintiff's application has been pending since January 2005, when she became eligible due to her husband's status. While this is more than two years, "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Gelfer v. Chertoff*, 2007 WL 902382 at *2 (N.D.Cal. Mar. 22, 2007). It is Defendants' position that they have successfully challenged the Court's subject matter jurisdiction or, in the alternative, demonstrated that the delay here has been reasonable. Defendants provided the declaration of Mark A. Rohrs, the Assistant Center Director at the Nebraska Service Center for USCIS, who is familiar with the procedures followed by the USCIS when an alien applies for an adjustment of status, and has review Plaintiff's application.

Rohrs attests that in January 2005, Plaintiff's husband's application for adjustment of status was approved, the basis for her own application. Rohrs Decl., ¶ 13. Plaintiff's application is still pending, because the background checks are incomplete and ongoing. *Id.*, ¶ 25. Rohrs explains that since the terrorist attacks on September 11, 2001, there is a need to conduct more rigorous background checks of those who are seeking immigration status. *Id.* ¶¶ 9-11. Because this process is more thorough, it sometimes results in the delay of requested documentation and immigration benefits. *Id.* Rohrs also explains that adverse effect that requesting expedites in the bloom of district court litigation. *Id,* ¶ 21-22. USCIS is processing Plaintiff's application in accordance with the resources allocated and the systems in place. *Id*. ¶ 25.

Defendants have provided sufficient evidence to demonstrate that any delay in adjudicating Plaintiff's adjustment of status application is not due to agency inaction, but rather to the time required to resolve all concerns of a law enforcement or national security nature. Accordingly, the

Defendants' Cross-Opposition to Motion for Summary Judgment
C07-4698 PVT                                              2

Court should find that the USCIS is properly adjudicating Plaintiff's application while counterbalancing the delays in the background check process that the FBI must complete. *See Sayyadinejad v. Chertoff*, 2007 WL 4410356 (S.D.Cal. Dec. 14, 2007).

It remains Defendants 's position that the statutory language clearly grants the USCIS discretion to adjust an alien's status and the statute is silent as to a time limit by which the USCIS must adjudicate. Thus, the APA does not provide jurisdiction because the pre-adjudication process is committed to agency discretion and § 1252(a)(2)(B) precludes the Court from compelling the USCIS to make such a decision.

In any event, this Court needn't determine whether it has jurisdiction under the APA, because in this case, Plaintiff's application has been delayed for a legitimate reason. The adjudication process has taken three years because of the delay of the FBI background checks. USCIS and FBI are taking reasonable precautions as public safety requires them to do, and are also doing everything possible to ensure that the Plaintiff waits no longer than necessary to receive permanent status. Accordingly, the APA does not grant the Court subject matter jurisdiction in this case.

In this case, Plaintiff seeks agency action. Specifically, she seeks an order directing the USCIS adjudicate an adjustment of status application. The declaration of Rohrs has revealed that the delay is reasonable and that the USCIS and FBI are working within certain restraints to complete the adjudication of the application. These types of claims are common, and the Court should find the circumstances of Plaintiff's claim are not drastic enough to warrant the use of the All Writs Act.

For the foregoing reasons, the Government respectfully asks the Court to dismiss Defendants Michael Mukasey and Robert Mueller and grant the remaining Defendants' motion for summary judgment as a matter of law.

Dated: February 4, 2008                    Respectfully submitted,

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney

                                                /s/
                                            ILA C. DEISS
                                            Assistant United States Attorney
                                            Attorneys for Defendants