1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                           NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11

12    XILING CHEN,                      )        Case No.: C 07-4698 PVT
                                        )
13                    Plaintiff,        )        **ORDER RE PLAINTIFF'S REQUEST**
                                        )        **FOR REASSIGNMENT**
14           v.                         )
                                        )
15    ALBERTO GONZALES, et al.,         )
                                        )
16                    Defendants.       )
      _____ )

17

18           On November 26, 2007, Defendants filed a document entitled "Parties Consent to Magistrate

19    Judge Jurisdiction" which purported to be filed on behalf of both Plaintiff and Defendant.  That

20    document states that:

21
                 "In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the
22           Plaintiff and the Defendants in this case hereby voluntarily consent to have a United
             States Magistrate Judge conduct any and all further proceedings in the case, including
23           trial, and order the entry of a final judgment."

24    The document included a signature block for Plaintiff's counsel, and "/s/" appeared on the signature

25    line for Plaintiff's counsel. At no time has Plaintiff's counsel advised the court that she did not sign

26    the original of this document or that she did not concur in the filing of this document on her behalf.

27           On December 11, 2007, Defendants filed a document entitled "Joint Case Management

28    Conference Statement" which purported to be filed on behalf of both Plaintiff and Defendant.  In a

ORDER, *page 1*

1  section entitled "Consent to Magistrate Judge for All Purposes" this document contained the

2  statement "The parties consent to a Magistrate Judge."  The document included a signature block for

3  Plaintiff's counsel, and "/s/" appeared on the signature line for Plaintiff's counsel.  At no time has

4  Plaintiff's counsel advised the court that she did not sign the original of this document or that she did

5  not concur in the filing of this document on her behalf.

6       On December 14, 2007, this court issued an Order Continuing Case Management Conference

7  and Setting Briefing Schedule for Cross Motions for Summary Judgment.  In that order, the court

8  expressly noted that "In their [Joint Case Management Conference] Statement, the parties state they

9  consent to a Magistrate Judge."  At no time prior to February 5, 2008 did Plaintiff's counsel inform

10  the court that Plaintiff had not in fact consented to Magistrate Judge jurisdiction.

11       On February 5, 2008, Plaintiff filed a "Declination to Proceed Before a U.S. Magistrate Judge

12  and Request for Reassignment to a United States District Judge."

13       Based on Plaintiff's request and the file herein,

14       IT IS HEREBY ORDERED that this case shall be reassigned to a District Judge.

15       The "Parties Consent to Magistrate Judge Jurisdiction" and the "Joint Case Management

16  Conference Statement" filed by Defendants did not comply with section X.(B) of this court's

17  General Order No. 45, which provides:

18       "Others. In the case of a Signatory who is not an ECF User, or who is an ECF User
         but whose User ID and Password will not be utilized in the electronic filing of the
19       document, as in the case of documents requiring multiple signatures, the filer of the
         document shall list thereon all the names of any other signatory or signatories. The
20       filer shall attest that concurrence in the filing of the document has been obtained from
         each of the other signatories, or from the single signatory (in the case, e.g., of a
21       declaration) which shall serve in lieu of their signature(s) on the document. The filer's
         attestation may be incorporated in the document itself, or take the form of a
22       declaration to be attached to the document. The filer shall maintain records to support
         this concurrence for subsequent production for the court if so ordered or for
23       inspection upon request by a party until one year after final resolution of the action
         (including appeal, if any). The filer may attach a scanned image of the signature
24       page(s) of the document being electronically filed in lieu of maintaining the paper
         record for subsequent production if required."

25

26  Thus, neither the "Parties Consent to Magistrate Judge Jurisdiction" nor the "Joint Case

27  Management Conference Statement" filed by Defendants may be deemed to have been signed by

28  Plaintiff's counsel.  As such there is no express consent to Magistrate Judge jurisdiction by Plaintiff

1  on file with the court, and the court will not preclude Plaintiff from requesting reassignment at this

2  time.[1]

3       IT IS FURTHER ORDERED that the parties shall either re-notice their cross-motions for

4  summary judgment on the District Judge's calendar, or else file a request for the District Judge to

5  take the motions under submission without oral argument.

6  Dated: *2/6/08*

7                                    *Patricia V. Trumbull*
                                     PATRICIA V. TRUMBULL
8                                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  [1]     While Plaintiff's consent to proceedings before a Magistrate Judge could arguably be
   inferred from Plaintiff's failure to contradict Defendants' two representations that Plaintiff had
28  consented (*see Roell v. Withrow*, 538 U.S. 580 (2003)), because Plaintiff requested reassignment before
   this court made any significant rulings, the court will not infer consent based Plaintiff's prior failure to
   contradict Defendants' representations.