**Tricia Wang (CA Bar No: 178473)**
LAW OFFICE OF TRICIA WANG
39159 Paseo Padre Parkway, Suite 205
Fremont, CA 94538
Telephone: (510) 791-0232
Fax: (510) 791-5609

Attorney for Petitioner:    Chen, Xiling

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE, CALIFORNIA

| | |
|---|---|
| Xiling CHEN ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. C 07-4698 JW |
| vs. ) | |
| ) | |
| Alberto Gonzales, Attorney General of the ) | [PROPOSED] ORDER |
| United States; Michael Chertoff, Secretary of the ) | GRANTING PETITIONERS' |
| Department of Homeland Security; Emilio Gonzalez ) | MOTION FOR |
| Director of United States Citizenship & Immigration ) | SUMMARY JUDGMENT |
| Services; Robert Meuller, Director of the Federal ) | |
| Bureau of Investigations; Gerard Heinauer, ) | |
| Director of the Nebraska Service Center   ) | |
| ) | |
| Defendants ) | |

The motion of Petitioner Xiling Chen for summary judgment came on regularly for hearing before this Court on April 21, 2008. Petitioner filed a petition for writ of mandamus based on Respondents' delay in adjudicating her application for lawful permanent residency. The application has been pending for over three years and ten months.

Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th

1   Cir.1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986). The Court finds that
2   both the Immigration and Nationality Act, and its implementing regulations, create a
3   mandatory and non-discretionary duty that Respondents adjudicate the pending
4   applications for permanent residency. See §8 C.F.R. § 245.2. The Court further finds that
5   the Administrative Procedures Act ("APA") requires that such applications be adjudicated
6   
7   within a 'reasonable time." 5 U.S.C. §*555(b)*. The Court finds that the three years and ten
8   months delay in adjudicating Petitioner's application is unreasonable. See e.g. Yu v.
9   Brown, 36 F.Supp.2d 922, 928-32 (D.N.M.1999), (applying the APA's reasonable
10  requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 391-
11  92 S.D.N.Y.2004)(same).
12  
13      After considering the motion for summary judgment, the parties' responses,
14  arguments of counsel and all other matters presented to the Court, IT IS HEREBY
15  ORDERED THAT Plaintiff's motion for summary judgment be and hereby is
16  GRANTED. The Court orders that the Petitioner's application for lawful permanent
17  residency be adjudicated within ten (10) days of this order.  In case of visa becomes
18  unavailable, the Court shall retain jurisdiction over this matter and orders that Petitioner's
19  
20  application be adjudicated within thirty (30) days of an immigrant visa becoming
21  available to her.
22  
23  
    Date:_____            _____
24                                       JAMES WARE
                                         United States District Judge
25  
26  
27  
28